PROSKAUER ROSE LLP
Joseph Baumgarten (JB-7215)
1585 Broadway
New York, New York 10036-8299
(212) 969-3002
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
ALLIANCE BERNSTEIN INVESTMENT           :
RESEARCH AND MANAGEMENT, INC.,          :   Civil Action No.:
ALLIANCE CAPITAL MANAGEMENT LP, and     :   04-CV-8966 (LAP)
ALLIANCE CAPITAL MANAGEMENT CORP.,      :
                                        :
                 Plaintiffs,            :   **ECF Case**
                                        :
      against                           :   **COMPLAINT**
                                        :
CHARLES B. SCHAFFRAN,                   :
                                        :
                 Defendant.             :
                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Plaintiffs, Alliance Bernstein Investment Research and Management, Inc. ("ABIRM"), Alliance Capital Management LP ("ACMLP"), and Alliance Capital Management Corp. ("ACMC," together with ABIRM and ACMLP, the "Plaintiffs"), through their attorneys, Proskauer Rose LLP, by way of Complaint against defendant Charles B. Schaffran ("Defendant" or "Schaffran"), allege as follows:

## NATURE OF ACTION

1.     This is a complaint for a declaratory judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.  This action arises out of a present and actual controversy between Plaintiffs and Schaffran resulting from and concerning Schaffran's filing of an arbitration proceeding with the National Association of Securities Dealers, Inc. ("NASD"), in which he asserts, *inter alia*, statutory employment discrimination claims under the Sarbanes-Oxley Act, 18 U.S.C. § 1514A ("SOX").  Schaffran filed these statutory discrimination claims with the NASD without the Plaintiffs' consent to their submission to arbitration.  Because there is no agreement to arbitrate Schaffran's SOX claims, they are not subject to NASD arbitration.

2.     The Plaintiffs seek and are entitled to a declaration that they are not required to arbitrate Schaffran's SOX claims before the NASD.  Furthermore, the Plaintiffs seek a permanent injunction prohibiting Schaffran from attempting to arbitrate his SOX claims before the NASD and staying the NASD arbitration until Schaffran has dismissed the SOX claims from the NASD arbitration.

## JURISDICTION AND VENUE

3.     The claims asserted in this Complaint are brought under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, as amended, in a case of actual controversy within the jurisdiction of the Court.

4.     This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331, in that the determination of whether the Plaintiffs are obligated and/or have agreed to arbitrate

Schaffran's SOX claims requires the Court to determine the meaning and nature of SOX, 18 U.S.C. § 1514A. Accordingly, this case arises under federal law.

5. Venue in this district is proper pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims, namely Schaffran's filing of the arbitration with the NASD, occurred within this District.

## THE PARTIES

6. (a) Plaintiff ABIRM is a broker-dealer and a member of the NASD. ABIRM is a wholly-owned subsidiary of Alliance Capital Management LP.

(b) Plaintiff ACMLP is an indirect wholly-owned subsidiary of AXA Financial, Inc., which consists of plaintiff ACMC and Alliance Holding, Inc., and which provides investment management services and sponsors mutual funds. Through its Sanford C. Bernstein & Co. LLC subsidiary, plaintiff ACMLP, also provides in-depth research, portfolio strategy and trade execution to the institutional investment community.

(c) Plaintiff ACMC is a Delaware corporation that is a wholly-owned subsidiary of AXA Financial, Inc. and the general partner of plaintiff ACMLP.

7. Defendant Schaffran is a former employee of plaintiff ACMLP. Schaffran resigned his employment on or about November 14, 2003.

## FACTUAL ALLEGATIONS

8.     ABIRM is a member of the NASD within the meaning of NASD Code of Arbitration Rule 10201 and Article I(q) of the By-Laws of the NASD.

9.     During his employment, Schaffran was a "person associated with a member" within the meaning of NASD Code of Arbitration Rule 10201 and Article I(dd) of the By-Laws of the NASD.  As such, Schaffran executed a form U-4 Uniform Application for Securities Industry Registration in which he agreed "to arbitrate any dispute, claim or controversy that may arise between me and my firm . . . that is required to be arbitrated under the rules, constitutions or by-laws" of the NASD.

10.    Schaffran (as a "person associated with a member") and ABIRM (as a "member") are generally required under NASD Code of Arbitration Rule 10201(a) to arbitrate a "dispute, claim, or controversy . . . arising out of the employment or termination of employment of such associated person(s) with such member."

11.    NASD Code of Arbitration Rule 10201(b) provides an exception to the requirement that members and associated persons arbitrate employment disputes, stating that "[a] claim alleging employment discrimination . . . in violation of a statute is not required to be arbitrated.  Such a claim <u>may</u> be arbitrated <u>only if the parties have agreed to arbitrate it</u>, whether before or after the dispute arose." (Emphasis added.)

12.    On or about September 10, 2004, Schaffran commenced an arbitration against Plaintiffs before the NASD, captioned <u>Charles B. Schaffran v. AllianceBernstein Investment</u>

Research and Management, Inc., Alliance Capital Management LP, Alliance Capital Management Corp. and Lewis Sanders (the "NASD Arbitration").

13.  The Statement of Claim filed in the NASD Arbitration asserts, *inter alia*, that the Plaintiffs discriminated against Schaffran in violation of SOX.  (See September 10, 2004 Statement of Claim filed in the NASD Arbitration, ¶¶ 74-76, annexed hereto).  The other claims asserted by Schaffran in the NASD Arbitration sound in breach of contract, violation of the New York Labor Law, Defamation and Tortious Interference, against the Plaintiffs and/or Lewis Sanders.

14.  Schaffran's SOX claims are statutory employment discrimination claims that Schaffran cannot assert in arbitration because there is no agreement to arbitrate these claims.

15.  The Plaintiffs have requested that Schaffran withdraw his SOX claims and refile them in District Court.  Schaffran, through counsel, has refused to comply with this request.

**CLAIM FOR RELIEF AGAINST DEFENDANT**

16.  Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 15 of the Complaint as if fully set forth herein.

17.  The SOX claims that Schaffran has submitted to arbitration before the NASD are statutory employment discrimination claims.

18.     Without the consent of all parties, in accordance with NASD Code of Arbitration Rule 10201(b), Plaintiffs cannot be compelled to arbitrate Schaffran's SOX claims.

19.     None of the Plaintiffs have consented to arbitration of Schaffran's SOX claims before the NASD.

20.     There exists a substantial, present and justiciable controversy between the Plaintiffs and Schaffran as to whether the NASD has jurisdiction to hear Schaffran's SOX claims.

21.     By reason of the foregoing, the Plaintiffs request and are entitled to a declaration that Schaffran's SOX claims are not arbitrable before the NASD.

WHEREFORE, Plaintiffs respectfully request that this Court grant judgment in their favor as follows:

A.      Declaring, pursuant to Fed. R. Civ. P. 57 and 28 U.S.C. §§ 2201 and 2202, that the Plaintiffs are not required to arbitrate Schaffran's SOX claims before the NASD;

B.      Permanently enjoining Schaffran from pursuing his SOX claims before the NASD in the absence of consent by the Plaintiffs;

C.      Staying the NASD Arbitration against all of the Plaintiffs until Schaffran has dismissed the SOX claims from the NASD Arbitration; and

    D.    For such other and further relief as this Court deems just and proper.


Dated:    New York, New York
            November 12, 2004

                                            s/Joseph Baumgarten
                                            Joseph Baumgarten (JB-7215)

                                              PROSKAUER ROSE LLP
                                              1585 Broadway
                                              New York, NY  10036-8299
                                              Phone: (212) 969-3000
                                              *Attorneys for Plaintiffs*